IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-2282-CM |
| ) | Case No. 04-20043-CM |
| WILLIAM T. SMITH, ) | |
| ) | |
| Movant/Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Currently before the court is defendant's pro se motion to vacate or set aside his conviction and sentence pursuant to 28 U.S.C. § 2255 (Doc. 69). For the following reasons, the court dismisses his motion as untimely.

On February 28, 2005, defendant entered a plea of guilty without a written plea agreement to (1) possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), and (2) possession of a prohibited object, namely heroin, while an inmate at the United States Penitentiary in Leavenworth, Kansas, in violation of 18 U.S.C. § 1791(a)(2). In the instant motion, defendant argues that his conviction and sentence should be set aside because he is actually innocent and because his plea was unknowing and involuntary due to lack of ineffective assistance of counsel. In response, the government contends that defendant's motion is time-barred and is a successive motion for relief under 28 U.S.C. § 2255.

The Antiterroism and Effective Death Penalty Act ("AEDPA") governs defendant's § 2255 motion and establishes a one-year limitations period for federal prisoners seeking habeas relief. This statute provides four circumstances that start the one-year period:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Defendant does not argue that he was impeded from making this motion by governmental action, that he has a right that has been newly recognized and made retroactive to his case, or that the facts supporting his claim could not have been discovered through the exercise of due diligence. Therefore, the one-year limitations period began to run when his judgment of conviction became final.

Defendant filed the current motion significantly outside of this one-year period. He entered his plea on February 28, 2005, and was sentenced on June 20, 2005. He appealed his conviction, and the Tenth Circuit affirmed and issued its mandate on January 18, 2006. Defendant's writ of certiorari was denied on April 24, 2006. Given this timeline, defendant should have filed the current motion several years earlier.

Because he failed to timely file his § 2255 motion, it is time-barred unless he can show that the limitations period should be equitably tolled. Defendant argues that equitable tolling applies because he is actually innocent. Specifically, he argues that (1) the facts at the plea hearing do not establish that he intended to distribute the heroin, and (2) the heroin was for his personal use and he did not intend to distribute it.

Under certain circumstances, actual innocence may be a basis for equitable tolling. Actual innocence means factual innocence and not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623–24 (1998); *United States v. Gabaldon*, 522 F.3d 1121, 1124 n.2 (10th Cir. 2008). To

establish actual innocence, defendant must support his claim with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," and show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995); *see also Bousely*, 523 U.S. at 623 (applying the standard in Schlup to § 2255 motion).

Defendant's first argument challenges the legal sufficiency of his conviction. Therefore, this argument does not constitute a basis for equitable tolling. In addition, it also ignores the circumstantial evidence offered by the government at the change of plea hearing regarding the amount (i.e., 32.5 grams) and packaging (i.e., 18 balloons of various colors) of the heroin. *See United States v. Powell*, 982 F.2d 1422, 1430 (10th Cir. 1992) (explaining that the intent to distribute is frequently established through circumstantial evidence).

Defendant's second argument is solely based on his repudiation of his sworn statements made in his plea petition and at the change of plea hearing. In his plea petition, defendant stated that on or about August 27, 2002, he did "unlawfully, knowingly, and intentionally possess with intent to distribute approximately 32.5 gram[s] or more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. § 841(a)(1)." (Doc. 35 at 1.) At the change of plea hearing, defendant affirmed that all answers in his plea petition were made under oath. (Doc. 52 at 17.) He further affirmed that he had gone over the charges with his attorney, that his attorney had explained what those charges were about, that he realized that by pleading guilty he was admitting all of the facts alleged in the charge, and that the only reason he was pleading guilty was because he is in fact guilty of the offenses charged. (*Id.* at 5, 7–8, and 17.) Defendant also confirmed that he had a full opportunity to speak with his attorney, that he was satisfied with the advice and services of his attorney, and that he had no complaints with the way she represented him. (*Id.* at 22–23; *see also*

Doc. 35 at 4 ("I AM SATISFIED WITH THE ADVICE AND HELP [MY LAWYER] HAS GIVEN ME." (original font).)

All of these statements were made under oath and are conclusively established absent a believable reason justifying departure from the apparent truth. *See United States v. Glass*, 66 F. App'x 808, 810 (10th Cir. 2003) (citing *United States v. Bambulas*, 571 F.2d 525, 526 (10th Cir. 1978)). Defendant has not offered such a reason or any compelling explanation for the contradiction. Instead, he simply asserts that the heroin was for his personal use and he never intended to distribute it. This showing is insufficient to establish actual innocence.

The court is mindful of defendant's pro se status and, therefore, liberally construed his brief. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (explaining that "because [defendant] appears pro se, we must construe his arguments liberally"). But, for the above reasons, defendant's § 2255 motion is outside the one-year limitations period. Defendant has not established that equitable tolling of this limitation period is warranted. According, his motion is time-barred under 28 U.S.C. § 2255(f), and his motion is dismissed as untimely.

**IT IS THEREFORE ORDERED** that defendant's 28 U.S.C. § 2255 Motion To Vacate or Set Aside Both The Conviction And Sentence Of Imprisonment (Doc. 69) is dismissed as untimely.

Dated this 7th day of September, 2012, at Kansas City, Kansas.

    __s/ Carlos Murguia_____
    **CARLOS MURGUIA**
    United States District Judge